IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 24-146 |
| | ) |
| THOMAS JAMES CLARK | ) |

### ORDER OF COURT

AND NOW, this 31st day of July, 2025, upon consideration of certain pretrial motions filed by Defendant Thomas James Clark, (Docket Nos. 30, 31, 32), the Government's Response thereto, (Docket No. 35 at 3-9), and Defendant's Reply, (Docket No. 38 at 1-3), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Produce Evidence the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609,[1] (Docket No. 30), is denied as premature and without prejudice, as the Court will set deadlines for the disclosure of these materials in the pretrial order. In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b)/609 evidence, (*see id.* at 8), likewise is denied as premature and without prejudice.[2]

---

[1] Rule 404(b) requires the Government to provide written "reasonable notice" of other acts evidence that it intends to offer at trial, so that the defendant has a fair opportunity to meet it. *See* Fed. R. Evid. 404(b)(3)(A). What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2).

[2] Generally, "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023). With that said, the parties may opt to raise any 404(b) issues in motions in limine, for which filing deadlines will be established in the Court's pretrial order.

2. Defendant's Motion for Discovery, (Docket No. 31), is denied as moot to the extent he requests information which the Government already has provided or has indicated does not exist as set forth in the three Receipts for Local Criminal Rule 16.1 Material, (*see* Docket Nos. 18, 23, 24), and is further denied as premature and without prejudice given the Court's expectation that the Government will adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16, *Brady/Giglio* and Jencks.[3] To the extent Defendant believes any discovery items remain outstanding or seeks particular information that he claims the Government has failed to produce consistent with its discovery obligations, he shall confer with the Government concerning his specific request. If such conferral does not resolve the matter, Defendant may file a renewed motion concerning the specific item(s) he seeks. *See* LCrR 16(E) ("Counsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court.").

3. Defendant's Motion to Preserve Law Enforcement's Rough Notes, (Docket No. 32), to which the Government does not object, (*see* Docket No. 35 at 8) (indicating "no objection to Defendant's request for preservation of rough notes"), is granted. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough

---

[3] The Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter of the witness' testimony. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). As such, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012). Nevertheless, in this Court's experience, the Government typically is willing to disclose such material sufficiently in advance of trial to avoid delay and in accordance with the Court's pretrial order. *See id.* at 248 n.18 (observing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies"). Similar to other cases, the Court's pretrial order in this case will encourage the Government to provide Jencks Act materials prior to the pretrial conference.

interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act"); *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). The Government shall preserve law enforcement's rough notes consistent with this Order.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record